J-S07036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ARMONI JOHNSON, | : | |
| | : | |
| Appellant | : | No. 1396 MDA 2016 |

Appeal from the Judgment of Sentence entered April 28, 2016,
in the Court of Common Pleas of Luzerne County,
Criminal Division, No(s): CP-40-CR-0000117-2012

BEFORE:  BOWES, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 29, 2017**

Armoni Johnson ("Johnson"), *pro se*, appeals from the judgment of sentence[1] entered following his conviction of possession of a controlled substance, possession of a controlled substance with the intent to deliver, delivery of a controlled substance and criminal use of a communication facility.[2]  We affirm.

Following a jury trial, Johnson was convicted of the above-described charges.  On April 28, 2016, for his conviction of delivery of a controlled substance, the trial court sentenced Johnson to 19-90 months in prison.  For

---

[1] Johnson filed his Notice of Appeal from the trial court's August 2, 2016 Order denying his post-sentence Motion.  However, the appeal properly lies from the judgment of sentence.  ***See Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (stating that in a criminal action, an appeal properly lies from the judgment of sentence, made final by the denial of post-trial motions).  We have corrected the caption accordingly.

[2] ***See*** 35 P.S. § 780-113(a)(16), (30); 18 Pa.C.S.A. § 7512.

his conviction of criminal use of a communication facility, the trial court sentenced Johnson to a consecutive prison term of 16-90 months. Johnson's remaining convictions merged at sentencing.[3] Johnson filed a *pro se* post-sentence Motion, which the trial court denied on August 2, 2016. Johnson, *pro se*, timely filed a Notice of Appeal,[4] followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On October 18, 2016, in accordance with **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), this Court remanded the matter for the trial court to conduct a hearing on Johnson's intention to proceed *pro se*. Following the **Grazier** hearing, the trial court entered an Order finding that Johnson "has decided to proceed *pro se* in connection with his appeal[,] and this decision to waive counsel was knowingly, intelligently and voluntarily made." Trial Court Order, 10/31/16.

---

[3] Johnson received 187 days' credit for time served.

[4] On August 18, 2016, Johnson filed a *pro se* Notice of Appeal in the Pennsylvania Superior Court. This Court forwarded the Notice of Appeal to the common pleas court, where it was duly filed on August 23, 2016. **See** Pa.R.A.P. 905 (providing that if an appellant mistakenly filed a notice of appeal in an appellate court, the clerk of that court "shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee[,] the notice of appeal shall be deemed filed in the trial court on the date originally filed."). Regardless of the filing date, Johnson timely filed his Notice of Appeal.

After reviewing Johnson's appellate brief, we are unable to discern the issues that Johnson wishes to raise on appeal. Johnson's brief in no way conforms to our Pennsylvania Rules of Appellate Procedure.

> The briefing requirements[,] scrupulously delineated in our appellate rules[,] are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review ... may be properly exercised. Thus, we reiterate that compliance with these rules by appellate advocates ... is mandatory.

***Commonwealth v. Perez***, 93 A.3d 829, 837-38 (Pa. 2014) (citation omitted). We recognize that Johnson appears before this Court *pro se*. However,

> [u]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. ***See Commonwealth v. Williams***, 586 Pa. 553, 896 A.2d 523, 534 (Pa. 2006) (*pro se* defendants are held to same standards as licensed attorneys). Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.

***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014).

The trial court similarly was unable to discern, from Johnson's Pa.R.A.P. 1925(b) Concise Statement, the issues that Johnson sought to raise on appeal. As the trial court observed, Johnson's Pa.R.A.P. 1925(b) Concise Statement was "anything but concise." Trial Court Opinion, 10/12/16, at 2.

- 3 -

> This case was presented as a relatively straight forward sale of heroin to a confidential informant. Upon review of the record, [the trial c]ourt is unable to discern any pre-trial, trial or sentencing errors. Having served as the [t]rial [j]udge in this matter, there is absolutely no hesitation in finding that the Commonwealth established the guilt of [Johnson] with regard to each offense beyond a reasonable doubt. As he has done throughout the history of this proceeding, [Johnson] again attempts to obscure the facts of this case[,] which resulted in his conviction. He now frustrates this [c]ourt and the appellate process by filing a Rule 1925(b) [S]tatement which consists of fifty-one total pages. Clearly, [Johnson] has failed to raise his issues in accordance with Rule 1925(b)(4). Because [Johnson's] [S]tatement is incoherent, redundant and confusing, meaningful review is prevented on any level[,] and the issues he attempts to raise are waived.

*Id.* at 3.

We agree with the trial court's assessment, and its conclusion that Johnson failed to preserve and waived any and all issues for appellate review. *See id.* at 2-3. We reach this conclusion based upon deficiencies in Johnson's Pa.R.A.P. 1925(b) Concise Statement and appellate brief. We therefore affirm Johnson's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2017